64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert R. STONE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3263.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before NEWMAN, CLEVENGER, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert R. Stone petitions for review the November 3, 1994, decision of the Merit Systems Protection Board (Board) affirming the June 24, 1994, Office of Personnel Management (OPM) reconsideration decision denying his request to transfer from the Federal Employees' Retirement System (FERS) annuity roll to the Civil Service Retirement System (CSRS) roll. We affirm.
 
 
 2
 * Stone retired from his job in the Department of Labor in 1990. He had been told by his employer in 1987 that he could retire under CSRS instead of FERS, and he elected to be subject to CSRS coverage and retirement. When he retired in 1990, however, he was told that the advice he received in 1987 was wrong, and that he in fact qualified for retirement only under FERS. OPM processed his retirement application accordingly, and Stone sought to reverse that action and obtain retirement under CSRS.
 
 II
 
 3
 Entitlement to retire under CSRS is controlled by legal requirements set forth in statutes and regulations. The Board explained in its decision why Stone fails to satisfy the legal requirements for retirement under CSRS, and why, under Office of Personnel Management v. Richmond, 496 U.S. 414 (1990), the mistaken advice given to Stone in 1987 does not require OPM to grant his requested relief from the legal requirements he does not satisfy. Stone does not challenge these grounds for the Board's holding.
 
 
 4
 Instead, Stone urges on appeal that he should nevertheless be permitted to retire under CSRS because, in his view, the incorrect advice given to him was a promise which he accepted to form an enforceable contract that requires OPM to allow him to retire under CSRS. The notion that Stone and his employer entered into a contract entitling him to a specific retirement system fails for two reasons.
 
 
 5
 First, Stone makes the argument for the first time on appeal. We need not entertain arguments made initially on appeal. See Sanders v. United States Postal Serv., 801 F.2d 1328, 1331-32 (Fed. Cir. 1986). Second, retirement benefits are conferred by statute and regulation, not by contract. Cf. Wyatt v. United States, 2 F.3d 398 (Fed. Cir. 1993).